# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-136-M |
| | ) | (CIV-09-1128-M) |
| MICHAEL MAYTUBBY, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## **ORDER**

Defendant-Movant Michael Maytubby ("Maytubby"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on October 14, 2009. On December 22, 2009, plaintiff-respondent United States of America filed its response, and on August 3, 2011, Maytubby filed his reply.

I.      Background

On May 16, 2006, Maytubby and several other individuals were charged by complaint with conspiracy to possess with intent to distribute cocaine base, cocaine, and marijuana. On June 7, 2006, a federal grand jury indicted Maytubby, and others, on numerous drug and gun crimes. Charges included: (1) conspiring to distribute crack cocaine, marijuana, and ecstasy in violation of 21 U.S.C. § 846; (2) maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1); (3) possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); (4) carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i); (5) being a drug user in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(3); and (6) possessing a firearm in furtherance of drug trafficking in violation of 21 U.S.C. § 924(c)(1)(C)(i).

Maytubby was tried by a jury, and on October 25, 2006, the jury found Maytubby guilty on all eight counts in which he was charged. On March 7, 2007, Maytubby was sentenced to 235 months' imprisonment on Counts 1, 2, and 6; 60 months' imprisonment on Count 3; 120 months' imprisonment on Counts 5 and 8, all to run concurrently, and 60 months' imprisonment on Counts 4 and 7, to run concurrently with each other and consecutively to all other counts, for a total term of imprisonment of 295 months.

Maytubby appealed his conviction and sentence to the Tenth Circuit Court of Appeals, asserting that this Court erred by considering suppressed drugs for sentencing purposes. On July 7, 2008, the Tenth Circuit affirmed Maytubby's sentence. *United States v. Maytubby*, 272 Fed. Appx. 749 (10th Cir. 2008). Maytubby timely filed a Petition for Writ of Certiorari. On November 3, 2008, the United States Supreme Court denied Maytubby's petition. *Maytubby v. United States*, 129 S. Ct. 515 (2008).

Maytubby then filed a § 3582 motion to reduce his sentence based on the retroactive crack-cocaine guidelines amendment. This Court granted Maytubby's motion and reduced his sentence to 188 months' imprisonment on Counts 1, 2, and 6; 60 months' imprisonment on Count 3; 120 months' imprisonment on Counts 5 and 8, all to run concurrently, and 60 months' imprisonment on Counts 4 and 7, to run concurrently with each other and consecutively to all other counts, for a total term of imprisonment of 248 months' imprisonment.

Finally, on December 31, 2008, Maytubby filed a Motion for Commitment to Custody Returned to Bureau of Prisons Pursuant to Court's Mittimus. On August 5, 2009, the Court denied Maytubby's motion.

II.  Discussion

Maytubby asserts the following grounds in support of his § 2255 motion: ineffective assistance of appellate counsel and the Oklahoma Department of Corrections constructively kidnapped him by putting him in state custody.[1]

A.  Ineffective assistance of appellate counsel

To prevail on a claim of ineffective assistance of counsel, Maytubby must first show:

> his counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. . . . Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998). *See also Strickland v. Washington*, 466 U.S. 668 (1984). Maytubby bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Conclusory allegations of ineffective representation are insufficient. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

The right to effective assistance of counsel continues through direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Appellate counsel's decision to winnow out weaker claims on appeal and focus on those more likely to prevail, if strategically sound, is the hallmark of effective appellate advocacy rather than evidence of incompetence. *Smith v. Murray*, 477 U.S. 527, 536 (1986).

Maytubby asserts that his appellate counsel, Mr. Jack Short, was ineffective in the following ways: (1) Mr. Short did not appeal issues relating to witness credibility; (2) the issue Mr. Short did

---

[1] In a separate order issued this same date, the Court granted Maytubby's motion for voluntary dismissal and dismissed ground one – ineffective assistance of trial counsel – of his § 2255 motion.

raise on appeal was doomed to fail; (3) Mr. Short did not appeal issues relating to the introduction of evidence of crimes that Maytubby was neither charged nor convicted of; and (4) Mr. Short told Maytubby that he could not have copies of his transcripts. The Court will address each of Maytubby's claims of ineffectiveness below.

Maytubby contends that Mr. Short was ineffective for failing to raise the issue of witness credibility, specifically as to witnesses Timothy Sale and Michael Raines, on appeal. The issue of witness credibility falls within the province of the jury, and an appellate court cannot question the jury's credibility determination unless it exceeds the bounds of rationality. *See United States v. Prince*, No. 10-3180, 2011 WL 3373788, at *11 (10th Cir. Aug. 5, 2011); *Ditrich v. United States*, 243 F.2d 729, 730 (10th Cir. 1957). Upon review of the record in this case, the Court finds counsel's failure to argue the issue of witness credibility on appeal does not fall below an objective standard of reasonableness. Given the law set forth above, the Court finds that any arguments regarding witness credibility most likely would have failed on appeal. Appellate counsel's decision to winnow out weaker claims on appeal and focus on those more likely to prevail, if strategically sound, is the hallmark of effective appellate advocacy rather than evidence of incompetence. *Smith v. Murray*, 477 U.S. 527, 536 (1986). Accordingly, the Court finds Maytubby's appellate counsel was not ineffective for failing to argue on appeal the issue of witness credibility.

Maytubby next contends that Mr. Short was ineffective because the issue he did raise on appeal – the Court's consideration of suppressed evidence in imposing sentence – was doomed to fail. Specifically, while Mr. Short chose to focus on the implications of the dictionary definition of "suppress," Maytubby suggests that Mr. Short should have attacked this Court's finding that law enforcement did not conduct the July 6, 2005 search with intent to increase his sentence. Having

4

carefully reviewed the record in this case, the Court finds that raising the issue of the Court's consideration of suppressed evidence in imposing sentence did not fall below an objective standard of reasonableness. Specifically, the Court finds that it was reasonable for Mr. Short to make the arguments he made on appeal – there is nothing ineffective about making an argument that is currently foreclosed by precedent. By making the argument, appellate counsel allows the circuit court to overturn circuit precedent and makes later challenges easier for Maytubby if the Supreme Court ever changes course. Additionally, based upon the record made at Maytubby's sentencing, the Court finds that Maytubby has failed to demonstrate there is a reasonable probability that, but for counsel's errors, the Tenth Circuit would have reversed this Court's rulings at sentencing. Accordingly, the Court finds that Mr. Short was not ineffective based upon the issue he raised on appeal.

Maytubby also contends that Mr. Short was ineffective for failing to raise the issue of the introduction of evidence of crimes that Maytubby was neither charged nor convicted of on appeal. Specifically, Maytubby contends that the government improperly introduced evidence regarding Maytubby threatening a witness, Maytubby manufacturing crack cocaine, Maytubby being a gang member, and the October 2004 shootout. Having reviewed the record in this case, the Court finds that counsel's failure to argue this issue on appeal does not fall below an objective standard of reasonableness. While Maytubby was not specifically charged with individual counts regarding the conduct set forth above, the Court finds that said evidence was clearly relevant to the conspiracy charge against him and was properly admitted. Accordingly, the Court finds that Mr. Short was not ineffective for failing to raise the issue of the introduction of evidence of crimes that Maytubby was neither charged nor convicted of on appeal.

Finally, Maytubby asserts that Mr. Short was ineffective because he told Maytubby that he could not have copies of his trial and motion transcripts while he was in state prison. Having carefully reviewed Maytubby's submissions, the Court finds that Maytubby has not demonstrated that but for Mr. Short's inaccurate advice regarding his being able to have copies of transcripts, the outcome of his appeal would have been different.[2] Accordingly, the Court finds that Mr. Short was not ineffective because he told Maytubby that he could not have copies of his trial and motion transcripts while he was in state prison.

B.  "Constructive kidnapping"

Maytubby was in state custody while the underlying action was proceeding in this Court, and Maytubby was brought before this Court pursuant to writs of habeas corpus ad prosequendum. After Maytubby was sentenced in the underlying action, Maytubby was returned to state custody to resolve pending charges filed in the District Court of Oklahoma County, Oklahoma. Maytubby entered into a plea bargain in state court and was sentenced to seven years' incarceration, which was to run concurrent with his federal sentence. Maytubby contends that after being sentenced in state court, he should have been returned to federal custody to serve his federal sentence and that the Oklahoma Department of Corrections "constructively kidnapped" him by not returning him to federal custody such that he had to serve his state sentence prior to his federal sentence. Maytubby, thus, moves the Court to effectively give him credit on his federal sentence for the time he spent in state custody serving his state sentence.

---

[2]The Court would note that Maytubby has received all of the requested transcripts for purposes of his § 2255 motion and has asserted only two issues that Mr. Short should have raised on appeal, and the Court has determined that neither issue has merit.

Maytubby raised this same argument in his Motion for Commitment to Custody Returned to Bureau of Prisons Pursuant to Court's Mittimus, which the Court denied on August 5, 2009. Through his § 2255 motion, Maytubby is moving this Court to reconsider its earlier denial of relief. Maytubby, however, did not appeal this Court's previous denial of his Motion for Commitment to Custody Returned to Bureau of Prisons Pursuant to Court's Mittimus.

> A defendant is procedurally barred from presenting any claim in a section 2255 petition that he failed to raise on direct appeal unless he can demonstrate cause for his procedural default and prejudice suffered thereby, or that the failure to hear his claim would result in a fundamental miscarriage of justice.

*United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994).

Having carefully reviewed Maytubby's § 2255 motion and reply, the Court finds that Maytubby has not asserted, let alone demonstrated, any cause for his procedural default or prejudice nor that the failure to hear his claim would result in a fundamental miscarriage of justice. Accordingly, based upon Maytubby's failure to appeal this Court's denial of his Motion for Commitment to Custody Returned to Bureau of Prisons Pursuant to Court's Mittimus, the Court finds that Maytubby is procedurally barred from raising the instant ground for relief.

III. Evidentiary Hearing

As set forth above, Maytubby's motion does not set forth a basis for relief from his sentence or conviction. Because that conclusion is conclusively shown from the record and from the nature of Maytubby's claims, the Court finds there is no need for an evidentiary hearing on this motion. 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988).

IV.     Conclusion

Accordingly, the Court DENIES Maytubby's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 23rd day of August, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE